FILED

2020 Oct-22  AM 09:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **TRACIE DIANE BARGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **7:19-cv-0813-AKK** |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| **Defendant.** | | |

## <u>MEMORANDUM OPINION</u>

Tracie Diane Barger brings this action under 42 U.S.C. § 405(g) of the Social Security Act (the "Act"), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). The court finds that the Administrative Law Judge ("ALJ") applied the correct legal standard and that his decision, which has become the Commissioner's, is supported by substantial evidence. The court therefore affirms the decision denying benefits.

## I.

Barger worked as a waitress and cashier at several businesses before the onset of her alleged disability. R. 38–40, 225–29. In March 2016, Barger filed an application for Title II disability insurance benefits and Title XVI Supplemental Security Income based on ruptured and bulging discs in her back, a pinched nerve,

and migraine headaches.  R. 75, 191.  She initially alleged a disability onset date of May 5, 2013, but she later amended it to April 24, 2015.  R. 33.  One month after filing her benefits application, Barger was diagnosed with carpal tunnel syndrome in her right hand.  *See* R. 476.

After the SSA denied Barger's application, R. 88, she requested a formal hearing before an ALJ.  R. 100.  The ALJ likewise denied her claim.  R. 23.  The SSA Appeals Council declined to review the ALJ's decision, rendering it the final decision of the Commissioner.  R. 1.  Barger then filed this action for judicial review under § 205(g) of the Act, 42 U.S.C. § 405(g).  Doc. 1.

## II.

This court's review is limited to determining whether the record contains substantial evidence to sustain the ALJ's decision and whether the ALJ applied the correct legal standards.  *See* 42 U.S.C. § 405(g); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Under 42 U.S.C. §§ 405(g) and 1383(c), the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'"  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  Thus, the court cannot reconsider the facts, reevaluate the evidence, or substitute its judgment for the Commissioner's. *Id.*  Instead, it must review the final decision as a whole and determine if it is "'reasonable and supported by substantial evidence.'"  *Id.* (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

2

Substantial evidence refers to "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239). This falls somewhere between a "scintilla" and a "preponderance of evidence." *Id.* If substantial evidence supports the Commissioner's factual findings, then the court must affirm even if the evidence preponderates against those findings. *See id.* However, this "does not yield automatic affirmance" despite the limited scope of judicial review. *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). In other words, reviewing courts are not constrained to acting as mere "automatons." *Bloodsworth*, 703 F.2d at 1239 (quotation omitted). Conclusions of law, in contrast, are subject to de novo review. *Martin*, 894 F.2d at 1529.

## III.

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 416(i)(1). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Determination of disability under the Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). Specifically, the ALJ must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Commissioner;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*See McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* (citing 20 C.F.R. § 416.920(a)-(f)). "Once [a] finding is made that a claimant cannot return to prior work the burden of proof shifts to the [Commissioner] to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

Claimants, such as Barger, alleging disability based on their subjective pain must meet additional criteria. The Eleventh Circuit applies a three-part "pain standard" when a claimant seeks to establish disability through her own testimony of pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). Under that standard, the claimant must show:

> (1) evidence of an underlying medical condition and either (2) objective
> medical evidence that confirms the severity of the alleged pain arising
> from that condition or (3) that the objectively determined medical
> condition is of such a severity that it can be reasonably expected to give
> rise to the alleged pain.

*Id.* But medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the [pain] standard require objective
> medical evidence of a condition that could reasonably be expected to
> cause the pain alleged, neither requires objective proof of the pain itself.
> Thus under both the regulations and the first (objectively identifiable
> condition) and third (reasonably expected to cause pain alleged) parts
> of the [pain] standard a claimant who can show that his condition could
> reasonably be expected to give rise to the pain he alleges has established
> a claim of disability and is not required to produce additional, objective
> proof of the pain itself.

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (citation omitted).

Moreover, "[a] claimant's subjective testimony supported by medical evidence that

satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*,

921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the

three-part pain standard, the ALJ must find a disability unless the ALJ properly

discredits the claimant's testimony.

To properly discredit the claimant's testimony, the ALJ "must articulate

explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561. Decades ago,

the Eleventh Circuit observed:

> It is established in this circuit that if the [ALJ] fails to articulate reasons
> for refusing to credit a claimant's subjective pain testimony, then the
> [ALJ], as a matter of law, has accepted that testimony as true. Implicit

in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the claimant's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the claimant and render a finding of disability.  *Id.*

## IV.

In performing the five-step sequential analysis, the ALJ initially determined that Barger had not engaged in substantial gainful activity since the date of her application, and therefore met Step One.  R. 18.  Next, the ALJ found that Barger's degenerative disc disease was a severe impairment that satisfied Step Two.  R. 18.  The ALJ also identified other impairments including obesity, piriformis, carpal tunnel syndrome, and migraines, but the ALJ found these nonsevere.  R. 19.  The ALJ then found that Barger did not satisfy Step Three because she "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments."  R. 19.  After answering Step Three negatively, the ALJ correctly proceeded to Step Four, where he concluded that Barger "has the residual functional capacity [("RFC")] to perform light work . . . except [she] can have frequent but not continuous use of [her right hand] for exertional and non-exertional activities."  R.19.  In the final step, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that

[Barger] can perform."  R. 22.  To reach that conclusion, the ALJ considered Barger's age, education, work experience, and RFC alongside the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2 and a vocational expert's testimony.  R. 22–23.  Because the ALJ answered Step Five negatively, he concluded that Barger was not disabled.  R. 23.

## V.

On appeal, Barger contends that the ALJ made three errors.  First, Barger alleges that the ALJ erred at Step Two when he characterized her carpal tunnel syndrome as "nonsevere" despite recognizing that the condition was "medically determinable."  Doc. 10 at 4 (quoting R. 19).  Second, Barger asserts that the ALJ improperly discredited her testimony regarding the intensity of her back pain.  *Id.* at 7.  That decision produced Barger's third alleged error—that the ALJ erroneously concluded at Step Five that she can perform several jobs that exist in significant numbers in the national economy.  *See id.* at 7–8.  The court addresses each of Barger's contentions in turn.

## A.

Under Step Two of the sequential analysis, an ALJ must determine whether "the claimant has any severe impairment."  *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).  An impairment is severe unless it is "merely a slight abnormality with minimal effect on [the claimant's] general ability to work."  *Hillsman v. Bowen*,

7

804 F.2d 1179, 1181 (11th Cir. 1986) (quoting *Flynn v. Heckler*, 768 F.2d 1273, 1275 (11th Cir. 1985)).   Here, the ALJ concluded that Barger's carpal tunnel syndrome was not severe enough to satisfy Step Two because the impairment was "managed with medication, splints, and injections."  R. 19.  Thus, the ALJ found that Barger's carpal tunnel both "alone and in combination [with her other impairments did] not cause more than a minimal limitation in [her] ability to perform basic work activities and [was] therefore nonsevere."  R. 19.

Barger says that conclusion misrepresents the medical record.  She contends that her patient notes from several doctors' appointments "demonstrate that her symptoms persisted despite" the treatments the ALJ identified.  Doc. 10 at 5.  She has a point.  The record shows that even when "wear[ing] splints as frequently as possible" and after receiving steroid injections, Barger's carpal tunnel syndrome did not subside.  R. 422,  441, 444, 467.  Indeed, Barger's doctors referred her for orthopedic surgery several times because her treatment did not resolve her pain.  R. 422, 441, 444.  Barger confirmed this at her administrative hearing.  R. 52.  She also testified at the hearing that she still experiences "pain, weakness, and numbness" in her right hand, though she has "better and worse days."  R. 59–60.

But even assuming Barger is correct that the ALJ improperly characterized her carpal tunnel syndrome as "nonsevere," that error would be harmless.  At Step Two, the ALJ "filter[s]" or "screen[s] out groundless claims" involving medical

impairments so slight that the claimant appears "unlikely" to be found disabled. *Jamison*, 814 F.2d at 588; *Stratton v. Bowen*, 827 F.2d 1447, 1452, 1452 n.9 (11th Cir. 1987) (quotation omitted).  The finding of "*any* severe impairment . . . is enough to satisfy" this step.  *Jamison*, 814 F.2d at 588 (emphasis added).  The Eleventh Circuit has thus repeatedly emphasized, albeit in unpublished opinions, that "there is no need for an ALJ to identify every severe impairment at step two." *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014).[1]  Here, the ALJ unambiguously found that Barger's degenerative disc disease was a severe impairment before proceeding on to Step Three.  R. 18-19.

However, when a case advances beyond Step Two, the ALJ must consider all the claimant's severe and nonsevere impairments together to determine whether she is disabled.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).[2]  Thus, for the ALJ's alleged Step Two classification error to be harmless, the ALJ must have later considered the combined effect of all of Barger's impairments regardless of their severity.

The ALJ did just that.  At Step Three, the ALJ wrote that Barger "[did] not have an impairment or combination of impairments that" met or equaled those listed

---

[1] *See also, e.g.*, *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 853 (11th Cir. 2013) ("If *any* impairment or combination of impairments [] qualifies as "severe," step two is satisfied and the claim advances to step three.") (emphasis added).

[2] *See also Gray*, 550 F. App'x at 853 ("Once a case advances beyond step two, the ALJ must consider all impairments, severe or not, at step three and in assessing the RFC.") (citing *Bowen*, 748 F.2d at 634–35); *Tuggerson-Brown*, 572 F. App'x at 951 (same).

by the Commissioner.  R. 19.  And at Step Four, the ALJ wrote that he had "considered all [of Barger's] symptoms."  R. 19.  Under Eleventh Circuit precedent, "those statements are enough to demonstrate that the ALJ considered all necessary evidence."  *Tuggerson-Brown*, 572 F. App'x at 951–52 (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1224–25 (11th Cir. 2002)).   Additionally, the ALJ explicitly discussed medical records and testimony regarding Barger's back, leg, knee, and foot pain and her migraines, facial twitching, and carpal tunnel syndrome while determining her RFC at Step Four.  R. 19–22.  Any classification error concerning these impairments that the ALJ allegedly made at Step Two is thus inconsequential.

## B.

Next, Barger contends that the ALJ improperly discredited her testimony regarding the intensity of her back pain.  To review, a three-part pain standard applies when determining whether a claimant's testimony about her subjective symptoms renders her disabled.  This standard requires "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain."  *Wilson,* 284 F.3d at 1225.  If the ALJ discredits the claimant's testimony, he must do so with explicit and adequate reasoning.  *Foote*, 67 F.3d at 1561–62.

The ALJ acknowledged that Barger's "medically determinable impairments could reasonably be expected to cause some of [her] alleged symptoms." R. 20. Allegedly, that statement triggered the requirement that the ALJ provide a "specific, substantive explanation for why Ms. Barger's testimony was not fully credited." Doc. 10 at 10. Barger says that the ALJ failed to do this when he merely found that her testimony regarding the "intensity, persistence and limiting effects of [her] symptoms" was inconsistent with "the medical evidence and other evidence in the record." R. 20. She argues that the ALJ's decision is thus inconsistent with the applicable legal standards.

But the ALJ applied the proper standards, and substantial evidence supports his conclusion. As an initial matter, the court recognizes that the ALJ did not explicitly cite the Eleventh Circuit's three-part pain standard in his decision. However, that alone is not erroneous where, as here, "his findings and discussion indicate that the standard was applied." *Wilson*, 284 F.3d at 1225–26. The ALJ cited to 20 C.F.R. § 404.1529, *see* R. 19, which "contains the same language regarding the subjective pain testimony that" the Eleventh Circuit interpreted when it first adopted the pain standard. *Wilson*, 284 F.3d at 1226 (citing *Elam*, 921 F.2d at 1214–15). Moreover, the ALJ expressly incorporated the language of the pain standard while evaluating Barger's testimony. *See* R. 21. Accordingly, the ALJ applied the correct standard.

The question, then, is whether the ALJ sufficiently articulated his reasons for rejecting Barger's pain testimony.  The court finds that he did.  Again, the ALJ found that Barger's testimony "concerning the intensity, persistence and limiting effects" of her symptoms was "not entirely consistent with" the record evidence.  R. 20.  He added that Barger's testimony about her symptoms was "inconsistent because they [were] not reflected to the degree alleged in the record."  R. 20.  Those statements alone satisfy the Eleventh Circuit's articulation requirement.  *See Wilson*, 284 F.3d at 1226 (finding that two sentences in an ALJ's decision were enough).

The ALJ did not stop there, however.  Instead, he marched through Barger's medical history, observing that the treatments doctors prescribed to address Barger's symptoms consisted mostly of conservative and minimally invasive interventions.[3] *See* R. at 20–22.  Substantial evidence in the record supports that conclusion. Regarding her back pain, Barger's physicians recommended routine treatments such as heating pads, water therapy, and physical therapy while also prescribing her medication for pain relief.  *See, e.g.*, R. 271, 290, 297.  In June 2016, a spine-care

---

[3] Barger contends that it was inappropriate for the ALJ to consider whether medical evidence supported her subjective assertions of pain.  Doc. 10 at 10–13.  It is true that objective proof of subjective symptoms is not necessary for a claimant to prove disabling pain. *Wiggins v. Schweiker*, 679 F.2d 1387, 1390–91 (11th Cir. 1982).  But the ALJ did not reject Barger's subjective testimony merely because it lacked support in objective medical evidence.  Rather, the ALJ discredited her testimony after considering all the evidence presented and determining that Barger's objectively determined impairments could not reasonably produce all of her complained of symptoms.  R. 20. That finding was consistent with the Eleventh Circuit's pain standard.  *See, e.g., May v. Comm'r of Soc. Sec. Admin.*, 226 F. App'x 955, 958–59 (11th Cir. 2007).

specialist administered a steroid injection to Barger's lower back, which was well tolerated. R. 360. In May 2017, the same specialist recommended pain management and "routine comfort measures" as the preferred methods for relieving Barger's pain. R. 390–91. And on multiple occasions in 2015 and 2016, doctors assessed the severity of Barger's back pain as being "mild" and "stable," though persistent. R. 270, 282, 284, 286.

To be sure, the record contains some evidence supporting Barger's subjective complaints of pain. She developed a herniated disc as a teenager, which has plagued her intermittently ever since. R. 294. She has reported to doctors that her back pain registers an eight on a ten-point scale and is "severe and constant." R. 388, 502. Indeed, Barger's doctors eventually referred her for surgery in early 2017, but she twice missed her surgical appointments, causing staff to cancel the procedure. R. 502. The record does not reveal any evidence that Barger underwent the surgery before the ALJ issued his decision. *See* R. 22.

Moreover, the court's sole function on appeal is to determine whether the record contains substantial evidence to support the underlying decision, not to reweigh evidence or substitute its judgment for the Commissioner's. *Martin*, 894 F.2d at 1529. "[C]redibility determinations are the province of the ALJ" and courts should "not disturb a clearly articulated credibility finding supported by substantial evidence." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir.

2014) (citations omitted).  That is true even where the evidence preponderates against the Commissioner's finding.  *Martin*, 894 F.2d at 1529.  All told, the record evidence substantially supports the ALJ's determination that Barger's medically determinable impairments could not reasonably produce all of her alleged symptoms.

## C.

Because the ALJ reasonably discounted Barger's pain testimony, her final alleged error—that the ALJ erroneously concluded at Step Five that she was not disabled—also fails.  At Step Five, the ALJ determines whether significant numbers of jobs that the claimant can perform exist in the national economy.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011).  One way for the ALJ to make this determination is to obtain testimony from a vocational expert.  *Id.*  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  *Wilson*, 284 F.3d at 1227.

Barger appears to allege that there are either zero or at most two jobs available for her in the national economy, and that she is therefore disabled.  She notes that during her administrative hearing a vocational expert testified that an individual unable to "combine 8 hours of standing, sitting, or walking during an 8-hour day for a 40-hour work week" could not find work in the national economy.  Doc. 10 at 7

(quoting R. 64).  Additionally, Barger points out that the vocational expert could identify only two jobs available nationally for individuals who are limited to occasional use of their dominant hand but are otherwise capable of performing sedentary work.  *Id.* at 8 (citing R. 64).

But those conclusions were based on hypothetical facts that the ALJ determined were inapplicable.  As explained above, the ALJ reasonably found that Barger's impairments could not produce all of her alleged symptoms.  Therefore, the ALJ considered the vocational expert's testimony regarding an individual with Barger's RFC.  That testimony established that at least three jobs exist in significant numbers nationally for a person capable of performing light work, though limited to frequent but not constant use of her dominant hand.  R. 23, 62–63.  Barger does not dispute that the ALJ's hypothetical question considered all the limitations found in the ALJ's assessment of her RFC.  Her contention thus "fails because the criticisms that [she] aims at the hypothetical question are identical to those leveled at the ALJ's RFC, and, as discussed above, the RFC is supported by substantial evidence." *Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 542–43 (11th Cir. 2016).

## VI.

To conclude, substantial evidence supports the ALJ's determination that Barger is not disabled, and the ALJ applied the proper legal standards in reaching

that determination.   The Commissioner's final decision is therefore due to be affirmed in a separate order in accordance with this Memorandum Opinion.

**DONE** the 22nd day of October, 2020.

ABDUL K. KALLON
UNITED STATES DISTRICT JUDGE